UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
OWENSBORO DIVISION

CIVIL ACTION NO. 4:13CV-00002-JHM

DEBORA ROBINSON                                                        PLAINTIFF

V.

GRAYSON COUNTY BOARD OF EDUCATION                 DEFENDANT

**ORDER**

This matter is before the Court on a motion by Defendant, Board of Education of Grayson County, for summary judgment [DN 24] and on a motion by Plaintiff, Debora Robinson, for partial summary judgment against Defendant on Count 4 and a portion of Count 5 of her Complaint [DN 26]. Fully briefed, these matters are ripe for decision.

**I. STANDARD OF REVIEW**

Before the Court may grant a motion for summary judgment, it must find that there is no genuine dispute as to any material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). The moving party bears the initial burden of specifying the basis for its motion and of identifying that portion of the record which demonstrates the absence of a genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). Once the moving party satisfies this burden, the non-moving party thereafter must produce specific facts demonstrating a genuine issue of fact for trial. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247-48 (1986).

Although the Court must review the evidence in the light most favorable to the non-moving party, the non-moving party is required to do more than simply show there is some "metaphysical doubt as to the material facts." Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,

475 U.S. 574, 586 (1986). The rule requires the non-moving party to present specific facts showing that a genuine factual issue exists by "citing to particular parts of materials in the record" or by "showing that the materials cited do not establish the absence . . . of a genuine dispute[.]" Fed. R. Civ. P. 56(c)(1). "The mere existence of a scintilla of evidence in support of the [non-moving party's] position will be insufficient; there must be evidence on which the jury could reasonably find for the [non-moving party]." Anderson, 477 U.S. at 252. It is against this standard that the Court reviews the following facts.

## II. BACKGROUND

Plaintiff, Debora Robinson, was employed by the Grayson County School District (hereinafter "District") as a full-time bus driver. During the 2011-2012 school year, Robinson's son was a student in the District. According to Robinson, her son was having difficulties with another student, Stephen Scott. Stephen's then-girlfriend, Makia Duncan, was also a student in the District. Stephen and Makia's younger siblings rode Robinson's bus.

Robinson testified that on November 10, 2011, her son was upset because Stephen had made comments about him that were not true. Robinson discussed the matter with the school resource officer. Later in the evening, while she was at home, Robinson exchanged Facebook messages about her son with Makia, who was pregnant. After Makia requested Robinson leave her alone and stop messaging her, Robinson posted the following:

> . . . you started this YOU LITTLE BITCH I seen girls like you before your mother taught you well what are you going to do when stephen dumps your ass for someone else Do you kids even know what the word commitment means . . .

(Robinson Dep. Ex. 3; Makia Dec. ¶ 4). Makia printed the exchange and showed it to her mother and Stephen's mother. On November 15, 2011, Stephen's mother reported the matter to Arnold Hack, the District's Director of Transportation. Hack reported the matter to the District's

2

Superintendent, Barry Anderson. On November 15, 2011, Anderson approached Robinson about the Facebook exchange with Makia. Anderson showed Robinson a copy of the exchange, and Robinson acknowledged that it was accurate.

On November 16, 2011, Robinson received a letter from Anderson stating that it was his intention to terminate her employment with the Grayson County Board of Education based on violation of "Section 03.27 of the [District's] Policies & Procedures . . . for 'immorality, misconduct or conduct unbecoming a school employee." (Anderson Dep. at Ex. 2.) Further, the letter indicated that "[t]his termination of employment will become final ten (10) days from the date this letter is received by you unless you request a hearing and deny the charges." (Id.) Robinson testified that she understood that Anderson intended to terminate her and requested a formal hearing to contest the charges. Further, she understood that the decision rendered as a result of the requested hearing would be final. (Robinson Dep. at 66.) Anderson recused himself as the hearing officer in regard to the termination of Robinson's employment, and she was notified that an independent hearing officer would be selected. She was provided more than twenty days notice of the hearing date. On January 4, 2012, Independent Hearing Officer Scott Lewis conducted the hearing on Robinson's appeal. Robinson was represented by counsel at the hearing where she testified, introduced evidence, and had the opportunity to present and cross-examine witnesses. Anderson and Robinson were the only witnesses who testified.

On January 9, 2012, the Independent Hearing Officer served his opinion on Robinson and her attorney by registered mail. The opinion provided that it was the hearing officer's "determination and ruling that Debora J. Robinson be terminated as an employee in the Grayson County School System in accordance with the request of Superintendent Anderson." After receipt of the opinion, Plaintiff testified that she received paperwork from the Board of

3

Education informing her of her rights in regard to continuation of life insurance coverage, and she applied for unemployment benefits. (Robinson Dep. at 72-75.)

Robinson filed this lawsuit asserting claims for a violation of her rights to free speech, procedural and substantive due process, and equal protection under both the United States Constitution and the Kentucky Constitution. Defendant now moves for summary judgment on all of Plaintiff's claims. In response, Plaintiff concedes that summary judgment should be granted in Defendant's favor as to Counts 1, 2, and 3 of the Complaint, as well as portions of Count 5. Plaintiff argues that summary judgment should not be granted in Defendant's favor as to the procedural and substantive due process claims under the Federal and Kentucky Constitutions alleged in Counts 4 and 5 of the Complaint. Instead, Plaintiff contends that summary judgment should be entered in her favor as to the procedural and substantive due process claims.

### III. DISCUSSION

#### A. Procedural Due Process

Plaintiff alleges a procedural due process claim based on the failure of Superintendent Anderson to comply with Grayson County Board of Education Procedure[1] to provide an employee with written notice of the termination decision after the Hearing Officer's opinion was rendered and to comply with KRS § 160.370 that provides that the superintendent "shall be responsible for the hiring and dismissal of all personnel in the district."

---

[1] District Policy 03.27 AP. 1 further provides that:
> The Hearing Officer shall issue his/her written decision setting forth the reasons for the decision and describing the evidence relied upon after conclusion of the hearing. Upon receipt of the Hearing Officer's decision, the Superintendent shall take action consistent with the decision by providing written notice to the classified employee and such action shall be effective upon the employee's receipt of such notice. The Superintendent may seek advice of counsel regarding the form and content of such notice. The Superintendent's written notice shall be maintained in the classified employee's file. ((District Policy 03.27 AP. 1 (8).)

The Fourteenth Amendment guarantees that no State will deprive a person of life, liberty, or property without due process of law. U.S. Const. amend XIV, § 1. The guarantee of procedural due process "assures that the deprivation of life, liberty, or property will not be effectuated without 'notice and opportunity for hearing appropriate to the nature of the case.'" Barachkov v. 41B Dist. Court, 311 Fed. Appx. 863, 871 (6th Cir. 2009) (quoting Cleveland Bd. of Educ. v. Loudermill, 470 U.S. 532, 542 (1985)). When faced with a claim for violation of due process rights, the Court engages in a two-step analysis. First, the interest at stake must be a protected liberty or property interest under the Fourteenth Amendment. If such an interest exists, the court must then consider whether "the deprivation of that interest contravened the notions of due process." Wojcik v. City of Romulus, 257 F.3d 600, 609 (6th Cir. 2001).

"A government employee has a right to procedural due process when termination will deprive her of a constitutionally protected liberty or property interest." Kubacki v. U.S. Dept. of Agriculture-Farm Service Agency, 2014 WL 988897, *9 (E.D. Mich. March 13, 2014) (citing Cleveland Bd. of Educ. v. Loudermill, 470 U.S. 532, 542 (1985)). "To comport with due process, the pre-termination process of a public employee need only include (1) oral or written notice of the charges; (2) an explanation of the employer's evidence, and (3) an opportunity for the employee to tell her side of the story." Id. (citing Kuhn v. Washtenaw County, 709 F.3d 612, 620 (6th Cir. 2013)). "The pre-termination hearing does not need to be elaborate to comport with due process so long as the employee is entitled to a full hearing with the possibility of judicial review at the post-termination stage." Id. (citing Martin v. City of Glasgow, Ky., 882 F. Supp. 2d 903, 911 (W.D. Ky. 2012)). "[T]he Sixth Circuit recently held that, even if an employee is denied a pre-termination hearing, the availability of post-termination hearing meant that the employee was

afforded due process." Id. (citing Fields v. Benningfield, 544 Fed. Appx. 626, 629-630 (6th Cir. 2013)).

Assuming for the purpose of argument that Plaintiff can establish that she had a property interest and she was deprived of that interest, the Court finds that Plaintiff was provided with adequate procedural rights. As discussed above, Plaintiff was provided reasonable notice of hearing, the right to appear and produce evidence, right to call witnesses and conduct cross-examination, the right to counsel, an impartial hearing officer, and a statement of the basis for the hearing officer's opinion. In fact, Plaintiff raises no legitimate objections to the method by which Defendant conducted the January 4, 2012, hearing and its sufficiency under the Fourteenth Amendment. See Mitchell v. Fankhauser, 375 F.3d 477, 480-81 (6th Cir. 2004)(post-termination proceedings require, at a minimum "'that the discharged employee be permitted to attend the hearing, to have the assistance of counsel, to call witnesses and produce evidence on his own behalf, and to know and have an opportunity to challenge the evidence against him.'"(citation omitted)).

Furthermore, Superintendent Anderson's failure to comply with a state statute or board procedure does not amount to a denial of procedural due process. See, e.g., Bills v. Henderson, 631 F.2d 1287, 1299 (6th Cir. 1980)(even where a state statute diagrams a procedure for depriving a citizen of a property right, a deviation from that procedure may not necessarily be viewed as a constitutional violation); Morreim v. University of Tennessee, 2013 WL 5673619, *14 (W.D. Tenn. Oct. 17, 2013)(the Sixth Circuit has held that a state college or university's failure to follow its own faculty rules and procedures does not state a procedural due process claim"); Hernadez v. Estelle, 788 F.2d 1154, 1158 (5th Cir. 1986)(violation of prison rules is not equivalent to a due process violation). Thus, while Plaintiff argues that her due process rights

6

have been violated because the District violated state law and/or its own rules and procedures, such allegations do not establish a cognizable constitutional violation. Purisch v. Tennessee Tech. Univ., 76 F.3d 1414, 1423 (6th Cir. 1996).

For these reasons, the Court grants summary judgment in favor of the Defendant on the procedural due process claim.

**B. Substantive Due Process**

"The substantive component of the Due Process Clause protects those rights that are 'fundamental,' meaning those rights that are 'implicit in the concept of ordered liberty.'" Young v. Township of Green Oak, 471 F.3d 674, 684 (6th Cir. 2006) (quoting Palko v. Conn., 302 U.S. 319, 325 (1937)). "Absent the infringement of some fundamental right, the Sixth Circuit has held that 'the termination of public employment does not constitute a denial of substantive due process.'" Elliott v. Murray-Calloway County Parks and Recreation Dept., 2008 WL 821907, *7 (W.D. Ky. March 26, 2008). See also McKenna v. Bowling Green State University, 2014 WL 2619811, *5 (6th Cir. June 13, 2014); Perry v. McGinnis, 209 F.3d 597, 609 (6th Cir. 2000) (holding that even when a public employee is discharged for reasons that shock the conscience, the violation of a fundamental right is still "necessary"). Here, Plaintiff neither alleges nor argues a violation of a fundamental right. Instead, Plaintiff only asserts that the District deprived her of substantive due process rights by failing to terminate her employment by way of a proper written notice from Anderson in violation of the Board Procedure. Furthermore, the action of and/or the manner in which the Defendant terminated Plaintiff from her job as a bus driver neither constitutes an arbitrary or capricious action, nor shocks the conscience. See Painter v. Campbell County Bd. of Educ., 417 F. Supp. 2d 854, 864 (E.D. Ky. 2006).

Therefore, absent a violation of a fundamental right, Plaintiff's substantive due process

claim cannot survive Defendant's motion for summary judgment.

### C. State Law Claims

Having dismissed the Plaintiff's federal claims, the Court declines to exercise pendent jurisdiction over Plaintiff's state law claims. See United Mine Workers of America v. Gibbs, 383 U.S. 715 (1966) ("[I]f the federal claims are dismissed before trial, . . . the state claims should be dismissed as well." Id. at 726.). Therefore, Plaintiff's pendent state law claims are dismissed without prejudice.

### IV. CONCLUSION

For the foregoing reasons, **IT IS HEREBY ORDERED** that the motion by Plaintiff, Debora Robinson, for partial summary judgment against Defendant on Count 4 and a portion of Count 5 of her Complaint [DN 26] is **DENIED**.

**IT IS FURTHER ORDERED** that the motion by Defendant, Board of Education of Grayson County, for summary judgment [DN 24] is **GRANTED**. Plaintiff's federal claims are dismissed with prejudice. Plaintiff's state law claims are dismissed without prejudice. A Judgment will be entered consistent with this Opinion.

*Joseph H. McKinley*

**Joseph H. McKinley, Jr., Chief Judge**
**United States District Court**

cc: counsel of record

September 17, 2014